## Philadelphia Trust, Safe Deposit & Insurance Company, Trustee, Plff. in Err., *v.* Austin M. Purves.

In an action by lessor against lessee for rent under a lease which provided that the lessee should not be liable for rent if the building should be destroyed by fire and the lessor should fail to rebuild it after demand, provided the fire should not have been caused by the negligence of the lessee,— *Held,* that proofs of loss and statement of insurance executed by the lessor for the purpose of obtaining insurance money on the leased building (the same having been burned during the term of the lease), were properly admitted in evidence for the limited purpose of showing an admission by the plaintiff that the fire was not caused by negligence—although they also contained statements as to matters in reference to which the court ruled they were not admissible.

---

NOTE.—Where the lease provides expressly for the payment of rent, the destruction of the premises by fire will not relieve the lessee from liability. Maberry v. Dudley, 2 Pennyp. 367; Magaw v. Lambert, 3 Pa. St. 444; Bussman v. Ganster, 72 Pa. 285. The contrary is true where the contract so provides expressly or by implication. Boyer v. Dickson, 7 Phila. 190; Re Holmes, 30 Pittsb. L. J. N. S. 309.

For a review of the authorities as to the liability of tenant to pay rent after the destruction of the premises, see note to Porter v. Tull, 22 L. R. A. 613.

Where a lease provides that if during the continuance thereof the demised premises shall be destroyed by fire not due to any negligent or unlawful act or omission of duty by the lessee, the lessee shall have the right to give notice to the lessor to rebuild, and if the lessor shall not, within three months from such notice, rebuild or commence rebuilding, "then the lessee may, at his option, terminate this lease, and shall no longer be responsible for rent thereunder," the lessee will be relieved from payment of rent if the lessor fails to rebuild on notice, after a fire which was not due to the negligence or wrongful act or omission of the lessee—even though the lessor never surrendered the lease.

A judgment sought to be reviewed must be affirmed where the assignments of error do not conform to the rule.

(Argued March 29, 1888. Decided May 7, 1888.)

January Term, 1888, No. 243, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to Common Pleas No. 4 of Philadelphia County to review a judgment for defendant in an action for rent, December Term, 1885, No. 64. Affirmed.

The Philadelphia Trust, Safe Deposit, & Insurance Company, trustee under the will of Franklin J. Fell, brought this action, to the use of William J. Fell, substituted trustee, upon a lease under seal, dated June 1, 1878, made between the plaintiff of the one part and the defendant, Austin M. Purves, of the other part, wherein and whereby the plaintiff leased unto the defendant a certain property known as Faulkland Mills, for the term of five years, at the annual rental of $1,600, payable monthly in advance, which lease contained a proviso as follows:

"Provided, however, and it is further expressly covenanted and agreed that if, during the continuance of this lease, the demised premises shall be destroyed by fire or flood not due directly or indirectly to any negligent or unlawful act or omission of duty by the lessee, the lessee shall have the right to give notice to the lessor to rebuild the same; and if the lessor shall not, within three months from such notice, rebuild or commence and prosecute with diligence the work of rebuilding, then the lessee may, at his option, terminate this lease, and shall no longer be responsible for rent thereunder."

The defendant pleaded specially: (1) That on or about October 30, 1878, said premises had been destroyed by fire; that he thereupon notified the plaintiff to rebuild and, the work of

rebuilding not having been commenced within three months thereafter, he thereupon gave notice to the lessor that he (defendant) terminated said lease; and (2) that on or about the first of February, 1879, he surrendered to the lessor the said term then unexpired, which the lessor accepted.

To the first plea the plaintiff replied that he should not be barred from his recovery, because said premises were destroyed by fire through and by the neglect and unlawful act and omission of duty of the said defendant, and joined issue with the defendant on the second plea.

Whereupon, the defendant joined issue.

At the trial, the defendant called William J. Fell, the use plaintiff, as a witness; and he having duly affirmed, the following took place:

I am trustee for the estate of Franklin Fell at the present time, and have been since about January, 1885.

By defendant's counsel: You collected the insurance in relation to this property?

(Objected to).

*A.* I did not.

*Q.* Now, look at that, and let me know if it is not your affidavit. I will then show it to Mr. Johnson (counsel for plaintiff).

*A.* That is my signature; yes, sir.

*Q.* Just read it over a little, and say whether it is not your statement.

By plaintiff's counsel: What is the purpose of this inquiry?

By defendant's counsel: The purpose is to prove that the owner of the premises—the landlord—collected the insurance on the building and machinery; and that in order to do so he exhibited proofs of the several companies that the fire is not the result of negligence, and so forth.

By plaintiff's counsel: To which I object. Any inquiry touching the question of insurance policies on the buildings, or result thereof, I object to; that it does not affect the obligation of the lessee to pay the rent.

By the Court: I do not think the fact that the plaintiff collected the policies of insurance is any defense for the nonpayment of rent; I think, however, upon this issue it is competent for defendant to show that the plaintiff, Mr. Fell, made dec-

larations that the fire was not the result of accident. Just like the admissions of any other party, if it can be shown that you admitted that fact, or made a statement to that effect, those statements are evidence against him, not by reason of its connection with the insurance at all, but simply as bearing upon the question of negligence.

By defendant's counsel: That is all I need just now.

By defendant's counsel: Now, if Your Honor please, I will offer this paper and statement of the insurance in evidence.

By plaintiff's counsel: I object to it.

By defendant's counsel: I only wish to use this under the instructions of the court, with a view to show that there were no declarations made at that time that the fire was in any way due to any negligence or unlawful acts.

By the Court: The statement relative to the fire can be admitted in evidence for the particular purpose for which it is offered, but not for any other purpose.

By defendant's counsel: I don't want a word in relation to the other.

(Paper offered, objected to, admitted, exception.)

The paper offered in evidence is as follows:

Property insured belonged exclusively to the estate of Franklin Fell, deceased, of which estate the Philadelphia Trust, Safe Deposit, & Insurance Company is the trustee, and W. J. Fell, executor. And upon said property mortgages are held respectively by the trustees of the estate of C. J. Fell, deceased, respectively; and no other person or persons had any interest therein.

The policies referred to above have not been assigned as collateral for either of said mortgages, nor for the mortgages in right of interest thereon. The buildings insured, containing property destroyed, were occupied by A. M. Purves & Company, lessees, and were used as and for a spice mill. The said fire did not originate by any act, design, or procurement on deponents' part; nothing has been done by or with deponents' privity or consent, to violate the conditions of the policy or render it void; and no articles are mentioned herein, but such as were in the building damaged or destroyed, and belonging to the said insured at the time of the said fire.

Any other information that may be required will be furnished on call, and considered a portion of these proofs.

Witness our hands at Philadelphia, this ninth day of January, 1879.

(Signed)                                    W. Jenks Fell,
                                            W. L. Du Bois.

State of Pennsylvania,       }
City and County of Philadelphia. } ss.

Before me personally appeared W. J. Fell, the signer of the foregoing statement, who made solemn affirmation to the truth of the same, and that no material fact is withheld that the said company should be advised of.

Also appeared William L. Du Bois, who made solemn oath that he is secretary and treasurer of the Philadelphia Trust, Safe Deposit, & Insurance Company, and that the facts above set forth are true, to the best of his knowledge and belief.

Witness my hand and seal.

(Signed)                                    Joseph F. Lynd,
                                            Notary Public.

January 9, 1879.

The court charged the jury, *inter alia,* as follows:

Another point of the defense made was that there had been a surrender of the premises by the defendant to the plaintiff, and that plaintiff had accepted that surrender. Upon that part of the case I am bound to say that there is no evidence to maintain that plea. There is no evidence that the plaintiff ever accepted any surrender ever made by the defendant, so that the defense is virtually reduced to the other point, whether the rent ceased in consequence of the failure of the plaintiff to rebuild.

The jury rendered a verdict for the defendant, and judgment having been entered thereon, plaintiff took this writ.

The assignments of error were as follows:

1. The court below erred in admitting evidence of the insurance of the mill and machinery.

2. The court erred in admitting evidence of the amount for which the mill and machinery were insured.

3. The court erred in admitting in evidence the proofs of loss by the fire of the building and machinery.

4. The court erred in ruling that if the fire was not due to the negligence of the defendant, then the obligation of the defendant to pay rent ceased.

5. The court erred in charging the jury that if the fire was not due to the negligence of the defendant, then the obligation of the defendant to pay rent ceased.

*Edward Barry* and *William F. Johnson,* for plaintiff in error.—A glance at the paper admitted in evidence will show that it could not possibly accomplish the alleged purpose of the offer, for the only allegations in it as to "negligence or unlawful acts" are "that said fire did not originate by any act, design, or procurement on deponents' (W. J. Fell and W. L. Du Bois) part, that nothing has been done by or with deponents' privity or consent to violate the conditions of the policy, or render it void."

What possible bearing this could have upon the question being tried—whether or not the fire was due to negligence or omission of duty on the part of the lessee—it is difficult to conceive. It does not allege that the defendant has not been guilty of negligence, but that the plaintiff has not.

That the paper was not competent evidence, under the law of Pennsylvania, see Bussman v. Ganster, 72 Pa. 289; and Magaw v. Lambert, 3 Pa. St. 444.

It was useless to limit the purpose for which the paper was put in evidence. It gave the jury the fact of the insurance and the amount thereof, which had no bearing upon the question at issue and were matters which the jury had no right to know.

Granting, for the sake of argument, that the fire was not the result of negligence on the part of the lessee, he is not absolved from the payment of rent.

He did give the notice to rebuild, but never, by any further act, exercised his option to terminate the lease. This he was certainly bound to do in order to avoid further liability; and in the absence of such notice the lease continued in force.

It was said in Fisher v. Milliken, 8 Pa. 111, 49 Am. Rep. 497, that nothing but a surrender, a release or an eviction could, in whole or in part, absolve the tenant from the obligation of his covenant with his landlord; and this was cited with approval, in Dyer v. Wightman, 66 Pa. 425, and again in Bussman v. Ganster, 72 Pa. 285.

In this case there certainly was neither an eviction nor a release; and the learned judge expressly charged the jury that there was no surrender.

*J. M. & W. P. Gest* and *Wm. W. Wiltbank* for defendant in error.

PER CURIAM: '
There is nothing in this case which under any circumstances would require a reversal; but as the rule regulating the assignment of errors has not been followed, we must, even if error were apparent, affirm the judgment.
The judgment is affirmed.